1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11  BRB PROPERTIES, INC.                    Case No. 2:15-cv-2577-TLN-CKD

12              Plaintiff,

13       v.                                 **SUA SPONTE REMAND ORDER**

14  JAVIER R. LANDA, JODIE E. LANDA,
    AND DOES 1–20, INCLUSIVE
15

16              Defendants.

17

18       This matter is before the Court pursuant to Defendants Javier R. Landa and Jodie E.

19  Landa's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF

20  Nos. 1 & 2.)  For the reasons set forth below, Defendants' Motion to Proceed in Forma Pauperis

21  is DENIED as moot, and  the Court hereby remands the action to the Superior Court of

22  California, County of San Joaquin, due to lack of subject-matter jurisdiction.

23       **I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

24       Defendants filed the instant Notice of Removal and Motion to Proceed in Forma Pauperis

25  on December 14, 2015.  (ECF Nos. 1 & 2.)  The case was removed from the Superior Court of

26  San Joaquin County, where Plaintiff filed an unlawful detainer action against Defendants under

27  Cal. Code Civ. Proc. 1161a.  Plaintiffs seek "a judgment for the restitution to plaintiff of

28  possession of 2021 ELMWOOD AVENUE, STOCKTON, CA.95204, COUNTY OF SAN

1

JOAQUIN, against defendant, JAVIER R. LANDA, JODI E. LANDA as to the Three Day Notice

to QUIT AFTER THE SALE, Possession of Premises, per diem damages at the rate of $40 per

day for each day from 09/27/2015 until possession is delivered to plaintiff or until judgment."

(ECF No. 1 at 25.)

Defendants' stated basis for removal includes:

"In 2015 Defendant learned that discriminatory and retaliatory actions, taken by Plaintiff

were made concerning Defendant's eviction from the subject property…."  (ECF No. 1 at 3.)

Removal is proper under "28 U.S.C. § 1443(1) because under [the] California Civil Code

he is denied or cannot enforce his equal rights to contract for and secure his property rights in the

Superior Courts of the State of California on account of [P]laintiffs['] discriminatory and

retaliatory acts…."  (ECF No. 1 at 7.)

"The California Superior Courts completely ignore the California Civil [R]ules of

Procedure, Civil [R]ules of Evidence and the Real Party in Interest [R]ule."  (ECF No. 1 at 13.)

The "California Civil Code procedures authorizing evictions violate 42 U.S.C. §§ 1981–

1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory

program which both on its face and as applied discriminates unfairly against Ethnic-Surname

Americans…."  (ECF No. 1 at 7.)

"[U]nder California Civil Code § 2924 he is denied or cannot enforce his equal rights to

contract for and secure real property rights…." (ECF No. 1 at 8.)

**II.     STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is

proper only if the court could have exercised jurisdiction over the action had it originally been

filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the

defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time

determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.   ANALYSIS

Defendants do not set forth a coherent basis for federal question jurisdiction, and they expressly do not bring this claim under diversity jurisdiction.  In summary, Plaintiffs state the eviction proceedings that occur in California Superior Courts violate civil rights secured by the U.S. Constitution, including the right not to be deprived of property without due process of law, as set forth in the Fifth and Fourteenth Amendments.  Plaintiffs argue there is systemic discrimination in the eviction process, which extends to the California Superior Court system.  Thus, jurisdiction is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

However, Defendants provide no evidence of this systemic deprivation of their civil rights.  There are only conclusory allegations in the removal notice.  This Court must strictly construe removal statutes against removal, and Defendants have the burden of showing removal is proper.  Defendants have not met this burden. *Gaus*, 980 F.2d at 566.

## IV.   CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby remands this action to the Superior Court of California, County of San Joaquin.

1    IT IS SO ORDERED.

2  Dated:  December 16, 2015

3

4    _____
     Troy L. Nunley
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28